**UNITED STATES of America, Plaintiff,**

**v.**

**Eric Darnell COWHERD, Defendant.**

**No. Crim.A. 3:97CR–72–H.**

United States District Court,
W.D. Kentucky.

March 24, 1998.

James A. Earhart, Asst. U.S. Atty., United States Attorney's Office, Louisville, KY, for plaintiff.

C. Fred Partin, Louisville, KY, for defendant.

## MEMORANDUM ON SENTENCING

HEYBURN, District Judge.

Defendant entered a guilty plea on the single count of the indictment charging him with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Court must now determine whether his offense level should be enhanced two levels pursuant to U.S.S.G., § 2 D1.1(b)(1) because a weapon was found on the same shelf as the cocaine in his apartment.[1] Based upon the following analysis, the Court determined that the enhancement was required.

█ The Sentencing Guidelines provide for a two-level increase in a drug trafficking offense if a dangerous weapon is possessed during the commission of the offense. U.S.S.G. § 2D1.1(b)(I). To apply the enhancement, the government must establish that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense. *See United States v. Sanchez,* 928 F.2d 1450, 1460 (6th Cir.1991). Constructive possession of an item is the "ownership, dominion or control over the item itself, or dominion over the premises where the item is located." *Id.* Although Defendant claims that the gun is not his, Defendant clearly had constructive possession of the firearm because the firearm was found in his house. *See id.* (gun was found in defendant's apartment where defendant was currently residing and the court held that defendant was in constructive possession of the gun) and *Unit-*

ed States v. Hill, 79 F.3d 1477 (6th Cir.1996) (despite roommate's claims that gun belonged to someone else, court allowed enhancement, especially where defendant plead guilty to knowingly possessing a firearm).

The next question is whether Defendant had possession of the gun during the commission of the offense. After Defendant was taken into custody, DEA agents searched Defendant's apartment. The agents found powder cocaine on a shelf in the bedroom of the apartment, and on the same shelf was a loaded 9–mm semi-automatic pistol. Since part of Defendant's crime includes the cocaine found in his apartment, it seems clear that Defendant had possession of the gun during the commission of the offense. *See United States v. Sanchez,* 928 F.2d at 1460 (Gun was found during search of defendant's apartment when defendant may not have been present during the search. The "search also revealed a number of plastic bags each containing a small amount of cocaine. This provides ample evidence to support the district court's conclusion that a weapon was present during the commission of the offense.").

█ Once it is established that a defendant was in possession of a weapon during the commission of an offense, a presumption arises that such possession was connected to the offense. *See id.* The defendant may offer evidence to demonstrate that it is "clearly improbable that the weapon was connected to the offense," in which case the enhancement would not be applicable. *Id.* This is a fairly stringent standard. For example, in *United States v. Hill* the defendant and his roommate claimed that the roommate kept the gun for her protection. The Sixth Circuit affirmed the district court's conclusion that it was not "clearly improbable" that the weapon was connected to the offense because even if the "gun was in the house for [roommate's] protection, the gun could be jointly possessed and was located in a residence to which [defendant] had access and where drugs were found." *See United States v. Hill,* 79 F.3d at 1486.

---

1. If Defendant's offense level is enhanced, based upon a criminal history category of IV, the guideline range would be 235 to 293 months confine-

ment. Without the enhancement, his guideline range is 188 to 235 months.

When deciding whether the defendant has met the burden, the Sixth Circuit has considered the proximity of the gun to the drugs, the type of gun used, whether the gun is loaded and any alternative purpose offered to explain the gun's presence. *See id.* at 1486 n. 5 (distinguishing *United States v. Zimmer,* 14 F.3d 286 (6th Cir.1994) (district court erred by enhancing sentence for possession of a weapon where defendant, who lived in a rural area, showed by unrefuted testimony that three rifles found on the premises were for hunting, rifle found in the bathroom had been used the day before the search to kill a deer from the bathroom window, the rifles were found in the main part of the house while the drugs were in a "secret room" in the basement, and the defendant had been charged only with a manufacturing operation, not "drug dealing") and *United States v. Garner,* 940 F.2d 172, 175–75 (6th Cir.1991) (finding that the defendant showed it was clearly improbable that a gun was connected with his drug trafficking offense because the gun was a single shot antique Derringer, which was a collector's piece and is not a type of gun normally associated with drug activity, that the defendant kept unloaded in a locked safe)).

■ Several facts in this case make it difficult for Defendant to show that it is "clearly improbable" that the gun was connected to the offense. The semi-automatic pistol was found on the same shelf as the cocaine in the bedroom. The gun was loaded with a full magazine of 9–mm ammunition and a second loaded magazine was found nearby. Defendant denies ownership of the gun. He says that his brother left it in his house one week before the arrest. He produced evidence that his brother did purchase the weapon in 1989. There is no evidence that Defendant ever used the weapon. He notes that the weapon was recovered during a consensual search of Defendant's residence.

However, Defendant offers only circumstances as an explanation for the loaded gun's presence and its proximity to the drugs. These facts do not show that it is "clearly improbable that the weapon was connected to the offense." Having the weapon available for use as protection would be a sufficient use in connection with the offense. While the investigating officer did not believe that Defendant used the weapon during drug transactions, he could offer no explanation for its presence next to the drugs.

On these facts, Defendant does not meet his burden of showing the improbability of the weapon being connected to the offense. Therefore, the Court imposed the two-level enhancement.